# In the United States Court of Federal Claims

No. 19-168T
(Filed: June 3, 2019)
**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| CYNTHIA L. ANDERSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Tucker Act; Subject Matter |
| | ) | Jurisdiction; Tax; Motion to Dismiss; |
| v. | ) | Tax Refund; Wrongful Levy; Fifth |
| | ) | Amendment Taking; Tort |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER ON MOTION TO DISMISS

On January 29, 2019, Plaintiff, Cynthia L. Anderson ("Ms. Anderson"), acting *pro se,* filed a complaint with this court alleging that the United States "damaged Plaintiff by taking Plaintiffs [sic] assets without Jurisdiction." Compl. at 1. Ms. Anderson seeks damages of $928,366.69. *Id.* at 3.

On May 1, 2019, Defendant, the United States ("the government"), filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Mot. to Dismiss at 1 (Doc. No. 8). On May 5, 2019, Ms. Anderson filed her response. Pl.'s Opp'n at 1 (Doc. No. 9). On May 21, 2019, the government replied. Def.'s Reply (Doc. No. 10).

For the reasons set forth below, the court **GRANTS** the government's motion to dismiss.

## I.    FACTS

On May 20, 2016, the Internal Revenue Service ("IRS") filed a notice of federal tax lien against Ms. Anderson totaling $928,366.69 for tax year 2014. Compl. at Ex. C.

In 2018, Ms. Anderson petitioned the United States Tax Court disputing a notice of deficiency and a notice of determination concerning a collection action for taxable years 2000 through 2017. *See id.* at Ex. A. On July 11, 2018, the Commissioner of Internal Revenue moved to dismiss the petition before the Tax Court for lack of jurisdiction on the grounds that no notice of deficiency, authorized by the Internal Revenue Code ("I.R.C.") § 6212 and required by § 6213(a),[1] or notice of determination concerning a collection action, required by I.R.C. § 6320 or § 6330,[2] to establish Tax Court jurisdiction had been sent to Ms. Anderson with respect to taxable years 2000-2017. *Id.* The Tax Court directed Ms. Anderson to respond, but Ms. Anderson failed to

---

[1] I.R.C. § 6212(a) provides in part: "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."
I.R.C. § 6213(a) provides in part: "Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer."
[2] I.R.C. § 6330 (incorporated in § 6320) provides in part: "The [petitioner] may, within 30 days of a determination under this section [referring to determinations of Tax Court hearings], petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)."

do so. *Id.* at Ex. B. On July 23, 2018, the U.S. Tax Court accordingly granted the motion to dismiss for lack of jurisdiction. *Id.*

On January 29, 2019, Ms. Anderson filed suit in this court. Ms. Anderson's complaint alleges no facts other than that "Defendant damaged Plaintiff by taking Plaintiffs [sic] assets without Jurisdiction." Compl. at 2. She includes a form for "Claim for Damage, Injury or Death" used to present claims under the Federal Tort Claims Act and attaches three exhibits including the Commissioner of Internal Revenue's motion to dismiss filed with the U.S. Tax Court, the Tax Court's order dismissing the case for lack of jurisdiction, and the notice of federal tax lien. *Id.* at Exs. A-C.

## II.   LEGAL STANDARDS

A plaintiff acting *pro se* is generally held to "less stringent standards" of pleading than those of a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this liberal standard does not extend to a *pro se* plaintiff's jurisdictional burden. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1997); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Jurisdiction is a threshold matter in every case; without it, the court may not proceed. RCFC 12(h)(3)[3]; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Jurisdiction must exist before a court may grant relief. *Rhone Poulenc, Inc. v. United States*, 880 F.2d 401, 402 (Fed. Cir. 1989) (stating that subject

---

[3] RCFC 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

matter jurisdiction, providing the court with the authority "to hear and decide," must exist

before the court may grant remedial relief).

This court's jurisdiction is defined by the Tucker Act. 28 U.S.C. § 1491.

Specifically, the Tucker Act grants this court jurisdiction to suits "against the United

States founded either upon the Constitution, or any Act of Congress or any regulation of

an executive department, or upon an express or implied contract with the United States,

or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C.

§ 1491(a). This court also has jurisdiction over tax refund suits if certain requirements are

met. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).

## III.    DISCUSSION

Ms. Anderson alleges that the government has "tak[en] [her] assets without

jurisdiction." In her opposition to the government's motion to dismiss, she argues that the

government has "admitted violating [its] own policies and procedures" by failing to

provide notices of deficiency and determination for tax years 2000-2017, referencing the

Commissioner of Internal Revenue's motion to dismiss filed in the United States Tax

Court. Pl.'s Opp'n. at 1. These are the same years referenced in her form for "Claim for

Damage, Injury, or Death."

Although unclear, Ms. Anderson seems to be seeking relief on the following

theories: (1) tax-refund; (2) tort; and (3) a Fifth Amendment taking. The government

asserts in its motion that the court lacks subject matter jurisdiction to hear any of Ms.

Anderson's claims. For the reasons discussed below the court agrees.

### A. The Court Lacks Jurisdiction Over Plaintiff's Tax Refund Claim

Ms. Anderson claims damages of $928,366.69, the same amount specified as her unpaid balance by the notice of federal tax lien issued to her. Compl. at Ex. C. To the extent that Ms. Anderson is seeking to invoke this court's jurisdiction based on a tax refund, the court lacks jurisdiction.

As noted above, this court has jurisdiction over tax refund suits if certain requirements are met. To invoke this court's jurisdiction, a plaintiff must first satisfy the full payment rule by paying the principal tax deficiency in full. *Flora v. United States*, 357 U.S. 63, 68 (1958). Second, a plaintiff must timely file a tax refund claim with the IRS. 26 U.S.C. § 7422(a) ("[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected… until a claim for refund or credit has been duly filed with the Secretary…"). Third and finally, a plaintiff must provide the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim. RCFC 9(m). Unless a plaintiff meets all of these requirements, this court lacks jurisdiction to hear a tax refund suit. *Jackson v. United States*, No. 18-1828T, 2019 WL 2150927, at *4 (Fed. Cl. May 16, 2019). [4]

---

[4] The pending complaint is very similar to the complaint filed in *Jackson* and several others in which plaintiffs have filed actions in this court asserting claims based on U.S. Tax Court dismissals of petitions for lack of jurisdiction. *See Jackson v. United States*, 2019 WL 2150929 at *2, fn.2.

Here, Ms. Anderson has not satisfied any of the requirements necessary to invoke this court's jurisdiction over a tax refund claim. Ms. Anderson has not provided evidence of payment to the IRS to satisfy the full payment rule. Furthermore, Ms. Anderson has neither provided evidence that she filed a timely tax refund claim, required by 26 U.S.C. 7422(a), nor provided the amount, date, and place of each payment to be refunded along with a copy of the refund claim, as required by RCFC 9(m). For these reasons, to the extent Ms. Anderson is seeking a refund, this court lacks subject matter jurisdiction over Ms. Anderson's claim.

### B. This Court Lacks Jurisdiction Over Claims Sounding In Tort

Ms. Anderson attached a form of "Claim for Damage, Injury, or Death" under the Federal Tort Claims Act to her complaint, seemingly seeking damages in either property damage or personal injury. Compl. at Ex. 1 (Doc. 1-1). As noted above, the Tucker Act specifically precludes claims sounding in tort from this court's jurisdiction; 28 U.S.C. § 1491(a) states "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States... *not sounding in tort*" (emphasis added). Furthermore, to the extent that Ms. Anderson's claims can be construed as a wrongful levy claim, district courts possess exclusive jurisdiction over such suits. 26 U.S.C. §§ 7426(a)(1), 7432(a), 7433(a);[5] *Tiernan v. United States*, 113 Fed. Cl. 528, 533-34 (2013).

---

[5] 26 U.S.C. § 7426(a)(1) provides: "If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property

6

### C. The Alleged Constitutional Deprivation Is Not A Taking

Ms. Anderson alleges that the government has "tak[en] [her] assets," suggesting that she also may be seeking relief for a taking under the Just Compensation Clause of the Fifth Amendment to the Constitution. Compl. at 1.

This court possesses jurisdiction over claims asserted under the Fifth Amendment to the United States Constitution. *See* 28 U.S.C. § 1491 ("[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress..."). It is, however, well established that the government's lawful exercise of its taxing powers is not a taking. *See, e.g., United States v. Sperry Corp.*, 493 U.S. 52, 62 n. 9 (1989); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339-40 (Fed. Cir. 2001); *Atlas Corp. v. United States*, 895 F.2d 745, 756 (Fed. Cir. 1990). In addition, the IRS filing of a notice of a lien, without more, does not constitute a taking. *First Atlas Corp. v. United States*, 23 Cl. Ct. 137, 141 (1991).

Finally, to the extent that Ms. Anderson claims that the notice of a lien she received from the IRS was not authorized or was otherwise erroneous, such an

---

was wrongfully levied upon may bring a civil action against the United States *in a district court of the United States.* Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary."
26 U.S.C. §§ 7432 and 7433 provide in part that if "any officer or employee of the Internal Revenue Service" recklessly, intentionally, or negligently "fails to release a lien," 26 U.S.C. § 7432(a), or "disregards any provision of this title, or any regulation promulgated under this title," 26 U.S.C. § 7433(a), the "taxpayer may bring a civil action for damages against the United States *in a district court of the United States.* " (emphasis added)

unauthorized act would constitute a tort, not a taking. *See Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988); *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352-53 (Fed. Cir. 2001) (holding that takings cases assume that the underlying governmental action was lawful). As discussed above, this court lacks jurisdiction over claims sounding in tort. 26 U.S.C. § 1491(a).

## IV.   CONCLUSION

For all of the reasons set forth above, the court hereby **GRANTS** the government's motion to dismiss. The clerk is directed to enter judgment accordingly.[6]

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[6] Ms. Anderson's motion for leave to file *in forma pauperis* filed on January 29, 2019 (Doc. No. 2) is **GRANTED** for the limited purposes of this motion.